UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

        Plaintiff,

v.

THE MESSIANIC ORDER OF THE
FREE MASONS, et al.,

        Defendants.
_____/

Case No. 2:22-cv-10880

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING THE
APPLICATION TO PROCEED IN FORMA PAUPERIS [2],
DISMISSING THE COMPLAINT [1], AND ENJOINING PLAINTIFF**

    Plaintiff Kyle Brandon Richards is a Michigan prisoner who filed a pro se complaint against the Free Masons, the Illuminati, the Skull and Bones Association, and the Ku Klux Klan. ECF 1. Plaintiff also applied to proceed in forma pauperis. ECF 2.

    Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915(a)). But "if a prisoner has attained 'three strikes,' he is thereafter precluded from proceeding [in forma pauperis] in civil actions unless under threat of immediate harm." *Scott v. Evans*, 116 F. App'x 699, 702 (6th Cir. 2004) (citing *Wilson v. Yaklich*, 148 F.3d 596, 602–04 (6th Cir. 1998)). A prisoner earns a strike if he, "while incarcerated or detained in any facility, [has] brought an action or appeal in a court of the United States that was

1

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g). The only exception to the rule is when the "prisoner is under imminent danger of serious physical injury." *Id.* The Court may sua sponte dismiss a complaint under § 1915(g) based on the three strikes provision. *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (collecting cases); *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997).

Plaintiff is a prolific filer in Michigan Federal Courts. Since 2020, for example, he has filed more than half a dozen cases.[1] Plaintiff also has three strikes because many of his cases throughout the years were dismissed as "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." § 1915(g); *Richards v. Illumnati Assoc.*, No. 21-2762, ECF 10, PgID 2 (6th Cir. Jan. 12, 2022) (collecting cases). Because Plaintiff is a three-striker, the only exception to paying the filing fee requires him to show that he is "under imminent danger of serious physical injury." § 1915(g). But Plaintiff's far-fetched allegations outlined in the complaint fail to show that he is under imminent danger. *See generally* ECF 1. The Court will therefore deny the application to proceed in forma pauperis and dismiss the complaint.

---

[1] *Richards v. The Illumnati Assoc.*, 2:21-cv-10814, ECF 1 (E.D. Mich. Mar. 5, 2021); *Richards v. Washington*, 2:20-cv-00194, ECF 1 (W.D. Mich. Oct. 2, 2020); *Richards v. Washington*, 2:20-cv-00146, ECF 1 (W.D. Mich. Aug. 18, 2020); *Richards v. Whitmer*, 2:20-cv-00122, ECF 1 (W.D. Mich. July 16, 2020); *Richards v. Washington*, 2:20-cv-12031, ECF 1 (E.D. Mich. July 15, 2020); *Richards v. Perttu*, 2:20-cv-00076, ECF 1 (W.D. Mich. Apr. 23, 2020); *Richards v. Taskila*, No. 2:20-cv-00035, ECF 1 (W.D. Mich. Mar. 3, 2020); *Richards v. Taskila*, No. 2:20-cv-00022, ECF 1 (W.D. Mich. Feb. 24, 2020).

Plaintiff's dismissal under § 1915(g) bars him from appealing the in forma pauperis finding. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). The Court will also decline to certify that any appeal from this dismissal would be in good faith.

Last, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court. The Sixth Circuit has held that a district court may enjoin "vexatious litigants" from filing a new action without first obtaining permission. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Over the years, Plaintiff has filed scores of unmeritorious complaints against various defendants based on strange conspiracy theories. *See generally Richards*, No. 2:21-10814, ECF 5, PgID 364–65 (collecting the frivolous cases filed by Plaintiff). What is more, a glance at recent dockets in the Western District of Michigan shows that Plaintiff is an enjoined filer in the Western District. *See Richards*, No. 2:20-cv-00076 (W.D. Mich.). In all, Plaintiff is a vexatious litigant, and the Court will enjoin him from filing a new action without first obtaining leave from the Court.

**WHEREFORE**, it is hereby **ORDERED** that the application to proceed in forma pauperis [2] is **DENIED** and the complaint [1] is **DISMISSED** under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that in forma pauperis status is **DENIED** on appeal.

**IT IS FURTHER ORDERED** that Kyle Brandon Richards is permanently **ENJOINED** from filing any new action in this Court without first obtaining leave.

Any new complaint from Richards submitted to the Clerk of the will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office must assign the complaint to a randomly selected Judge; otherwise, the complaint must be dismissed.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 12, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

4